```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION

                                    §
KURT B. CHADWELL,                   §
                                    §
     Plaintiff,                     §   Civil Action
                                    §   No. C-06-199
v.                                  §
                                    §
NUECES COUNTY, TEXAS, et al.        §
                                    §
     Defendants.                    §
```

## ORDER

On September 11, 2006, the Court held a hearing on pending motions in the above-styled case.

At the hearing, the following claims were dismissed by agreement of the parties:

(1) Plaintiff's claim under the Texas Commission on Human Rights Act ("TCHRA") against Nueces County and County Attorney Laura Garza Jimenez for failure to promote based on gender-based discrimination ("TCHRA Claim"). (D.E. 6, Plaintiff's Original Complaint ("Complaint"), ¶¶ 137-138).

(2) Plaintiff's 42 U.S.C. § 1983 ("Section 1983") claim against Nueces County and County Attorney Laura Garza Jimenez for infringement of Plaintiff's right to association pursuant to the First Amendment to the United States Constitution ("Right to Association Claim") (Complaint, ¶¶ 152-159).

(3) The portions of Plaintiff's claim against Nueces County

    alleging violation of the Texas Whistleblower Act (Tex. Gov't Code Ann. § 554.001, <u>et seq</u>. (Vernon 2004)) ("Whisleblower Act Claim") that are based on Plaintiff's charge of gender-based discrimination to the U.S. Equal Employment Opportunity Commission ("EEOC"). (Complaint, ¶¶ 160, 163).

(4) The portions of Plaintiff's Section 1983 claim against Nueces County and County Attorney Laura Garza Jimenez for violation of Plaintiff's right to free speech pursuant to the First Amendment to the United States Constitution ("Right to Free Speech Claim") that are based on Plaintiff's communications with the EEOC regarding alleged gender-based discrimination against Plaintiff. (Complaint, ¶¶ 139).

The following claims remain pending in this case:

(1) Plaintiff's Section 1983 claim against Defendant David Alaniz (in his individual capacity), alleging that Defendant Alaniz subjected Plaintiff to an unlawful seizure or detention in violation of the Fourth Amendment to the United States Constitution. (Complaint, ¶¶ 131-134).

(2) Plaintiff's claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e <u>et. seq.</u>, against Nueces County and County Attorney Laura Garza Jimenez for

      failure to promote based on gender-based discrimination. (Complaint, ¶¶ 135-136).

(3) The portions of Plaintiff's Section 1983 Right to Free Speech Claim against Nueces County and County Attorney Laura Garza Jimenez that are based on Plaintiff's allegations that he spoke out about matters of public concern related to the July 28, 2005 abstract of judgment detailed in Plaintiff's Complaint at ¶¶ 39-45. (Complaint, ¶¶ 139-151).

(4) The portions of Plaintiff's Whistleblower Act Claim against Nueces County that are based on Plaintiff's allegations that he reported possible violations of the Texas Penal Code to the Texas Rangers, the Texas Attorney General, District Attorney Carlos Valdez and First Assistant District Attorney Mark Skurka (as detailed in Plaintiff's Complaint at ¶ 164). (Complaint, ¶¶ 160-168).

In light of the foregoing, the Court hereby ORDERS as follows:

(1) The Court DISMISSES the following causes of action with prejudice: Plaintiff's TCHRA Claim; Plaintiff's Right to Association Claim; the portions of Plaintiff's Whistleblower Act Claim that are based on Plaintiff's charge of gender-based discrimination to the EEOC; and the portions of Plaintiff's Right to Free Speech Claim

      that are based on Plaintiff's communications with the EEOC regarding alleged gender-based discrimination against Plaintiff.

(2) The Court ORDERS that by 12:00 p.m. on September 15, 2006, Plaintiff must provide a full and complete response to Defendants' Request for Admission No. 37.

(3) The Court ORDERS that by 12:00 p.m. on September 15, 2006, Plaintiff must provide to Defendants information on the salary differential between Plaintiff's new position with the County Attorney's Office in Del Rio, Texas and Plaintiff's former position as an Attorney II, Civil with the Nueces County Attorney's Office.

SIGNED and ENTERED this 13th day of September, 2006.

                                            */s/ Janis Graham Jack*
                                           Janis Graham Jack
                                      United States District Judge