```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                     CORPUS CHRISTI DIVISION
```

|  |  |  |
|---|---|---|
| KURT B. CHADWELL, | § § § | |
| Plaintiff, | § § | Civil Action No. C-06-199 |
| v. | § § | |
| NUECES COUNTY, TEXAS, et al. | § § | |
| Defendants. | § § § | |

## ORDER DISMISSING NUECES COUNTY COMMISSIONERS

On this day came on to be considered Plaintiff's Opposed Dismissal of Claims Against Defendants Peggy Banales, Betty Jean Longoria, Oscar O. Ortiz and H.C. Cazales (sic) (D.E. 33). For the reasons discussed below, Nueces County Commissioners Banales, Longoria, Ortiz and Cazalas (the "Commissioners") are hereby DISMISSED from this case and are awarded three hours of attorney's fees for their costs in defending this litigation to date.

### I.   Jurisdiction

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

### II.   Background

On May 17, 2006, Plaintiff Kurt Chadwell brought this action against Nueces County, County Attorney Laura Garza Jimenez, the Commissioners, and David Alaniz. Plaintiff sued the Commissioners in their official capacities. The Commissioners answered

Plaintiff's complaint on June 26, 2006. (D.E. 23). Also on that date, the Commissioners (along with other Defendants) filed three motions to dismiss certain of Plaintiff's causes of action. (D.E. 19, 21, 24).

On July 31, 2006, Plaintiff filed a pleading seeking to dismiss the Commissioners from this litigation without prejudice. (D.E. 33, Plaintiff's Opposed Dismissal of Claims against the Commissioners ("Dismissal")). Plaintiff requested the dismissal of the Commissioners "[b]ased on the fact that a suit against an individual in his/her/official capacity is truly just a suit against the entity they represent and after considering the legal implications of retaining such individual defendants (in their official capacities) in the pending litigation." (Dismissal, ¶ 2). The Commissioners responded that they were unopposed to the dismissal, but they sought reasonable costs to defend against Plaintiff's frivolous causes of action. (D.E. 35, Commissioners' Response to Dismissal).

**III. Discussion**

In cases where the defendant has been prejudiced by incurring costs in a litigation, the district court may award attorney's fees as a condition of voluntary dismissal. See Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 318 n. 3 (5th Cir. 2002) ("Evidence of expense incurred can of course support a discretionary award of attorney's fees and costs."); see also Manshack v. Southwestern

Elec. Power Co., 915 F.2d 172, 174 n. 1 (5th Cir. 1990) (Federal Rule of Civil Procedure 41(a)(2) "allows a court to assess costs in favor of a defendant as a means to redress the expenses it has incurred prior to the plaintiff's voluntary dismissal"); Yoffe v. Keller Indus., 580 F.2d 126, 127 (5th Cir. 1978). In Yoffe, the plaintiff challenged the district court's authority to require him to pay the defendants' attorneys' fees and costs as a condition of voluntary dismissal. See id. at 127. The Fifth Circuit rejected plaintiff's argument, finding that "the District Court acted within its discretion in awarding the amount adjuged as the defendants' reasonable attorneys' fees and costs." Id.

Accordingly, pursuant to Fed. R. Civ. P. 41(a)(2), the Court grants Plaintiff's motion for voluntary dismissal of the Commissioners. See Elbaor, 279 F.3d at 317; Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc., 903 F.2d 352, 360-361 (5th Cir 1990).

However, the Court determines that it is appropriate to award the Commissioners three hours in attorney's fees to offset prejudice they suffered in terms of litigation expenses. See Manshack, 915 F.2d at 174 n. 1; Yoffe, 580 F.2d at 127. The Commissioners have expended effort in defending the case via their answer and participation in motions to dismiss certain causes of action, and Plaintiff has indicated that naming the Commissioners as Defendants was "superfluous (given that Nueces County is a named

defendant)." (D.E. 34, Plaintiff's Response to Defendants' Motions to Dismiss, p. 3, n. 3). Granting an award of attorney's fees for a portion of the reasonable expenses incurred by the Commissioners serves as "means to redress the expenses [the Commissioners have] incurred prior to the plaintiff's voluntary dismissal". <u>Manshack</u>, 915 F.2d at 174 n. 1.

**IV.  Conclusion**

For the reasons stated above, the Commissioners are hereby DISMISSED from this case and are awarded three hours in attorney's fees. Counsel for the Commissioners has indicated that his hourly fee is $215.00 per hour. Accordingly, Plaintiff is hereby ORDERED to pay $645.00 by September 15, 2006, with the check made payable to Nueces County.

SIGNED and ENTERED this 18th day of September, 2006.

_____
Janis Graham Jack
United States District Judge